OPINION
PER CURIAM.
Min Tong Yang petitions for review of a decision rendered by the Board of Immigration Appeals (“BIA”) on January 29, 2009. For the reasons that follow, we will deny the petition for review.
I. Background
Yang, a native and citizen of the People’s Republic of China, entered the United States illegally in May 1999. He is married and claims to have two United States citizen children, born in July 2004 and February 2006. In July 2006, Yang filed for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”), claiming that he fears he will be forcibly sterilized if he returns to China because he has violated China’s coercive family planning laws. After a hearing, the Immigration Judge (“IJ”) denied relief, concluding that Yang failed to meet his burden of proof.
On January 29, 2009, the BIA affirmed the IJ’s decision and dismissed the appeal. Through counsel, Yang filed a timely petition for review.
II. Analysis
We have jurisdiction over the petition for review pursuant to INA § 242 [8 U.S.C. § 1252], Because the BIA did not adopt or defer to the IJ’s conclusions, we review only the BIA’s decision. See Voci v. Gonzales, 409 F.3d 607, 612-13 (3d Cir. 2005). We review findings of fact for substantial evidence. See INA § 242(b)(4)(B) [8 U.S.C. § 1252(b)(4)(B) ]. We review legal determinations de novo, subject to the principles of deference articulated in Chevron v. Natural Res. Def. Council, 467 U.S. 837, 844, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). See Briseno-Flores v. Att’y Gen., 492 F.3d 226, 228 (3d Cir.2007). For Yang to succeed on his petition for review, this Court “must find that the evidence not only supports that conclusion [that the application should have been granted], but compels it.” INS v. Elias-Zacañas, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).
Yang bore the burden of demonstrating that he has a well-founded fear of persecution in China. See Yu v. Att’y Gen., 513 F.3d 346, 348 (3d Cir.2008). The BIA concluded that Yang failed to establish that a person in his circumstances would fear sterilization in China for fathering two United States citizen children. See A.R. 02 (BIA Decision at 1).
Yang’s primary objection to the BIA’s decision centers upon a footnote in which the BIA found, relying upon a 2007 State Department Country Report for China, A.R. 264-324, that “complications could arise” for a Chinese national returning to China with a foreign-born child who is traveling on a Chinese passport. A.R. 03 (BIA Decision at 2, n. 2); A.R. 293 (State Department Report at 30). The BIA noted that, if such an individual were to attempt to register the child as a household member in China, the child would count for purposes of China’s family planning laws “and this could trigger sanctions and economic penalties under the relevant laws.” A.R. 03 (BIA Decision at 2, n. 2).
Yang claims that he is an individual for whom such “complications” will arise. He states that his children have Chinese passports and that the BIA’s finding establishes that his children will count for purposes of China’s family planning laws. As a result, he claims, the BIA’s decision effectively agrees that he will face persecution in China. Yang argues that “he has already intentionally or unintentionally triggered] the sanctions and economic penalties under family planning policy by *421 obtaining Chinese travel permits for his children.” Petitioner’s Brief at 19.
Putting aside the fact that the BIA’s finding does not categorically establish that an individual in such circumstances will necessarily face such “complications,” see A.R. 03 (BIA Decision at 2, n. 2) (“complications could arise”), Yang does not address the BIA’s additional finding that, in Yang’s province in China, “the provincial government only imposes economic penalties on families that do not comply with the family planning law, rather than criminal penalties or physically coercive methods....” A.R. 03 (BIA Decision at 2); A.R. 290 (State Department Report at 27). Taken together, these findings reflect that, even if China were to count Yang’s children for the purposes of the family planning laws due to their possession of Chinese passports, the sanctions Yang would face for violating those laws upon return to China are economic in nature.
There is nothing in the record to demonstrate that such economic sanctions would be sufficiently extreme to constitute persecution. Fatin v. INS, 12 F.3d 1233, 1240 (3d Cir.1993) (persecution encompasses “threats to life, confinement, torture, and economic restrictions so severe that they constitute a threat to life or freedom.”). More importantly, Yang never previously raised an economic persecution claim. To the extent he is implicitly attempting to do so for the first time before this Court, we will not consider such a claim. Yang failed to exhaust his administrative remedies because he did not present an economic persecution claim to the BIA in the first instance. See Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir.2003).
.Yang claimed, before both the IJ and the BIA, that he feared he would be forcibly sterilized because he violated China’s coercive family planning laws. The BIA concluded that Yang’s evidence was not sufficient to meet his burden of proof to prevail on this claim. After closely reviewing the record, we conclude that the BIA’s findings rest upon substantial evidence.[1] Nothing compels the conclusion that Yang is entitled to relief on his forcible sterilization claim. Elias-Zacarias, 502 U.S. at 481 n. 1,112 S.Ct. 812.
Yang’s remaining arguments pertain only to alleged errors in the IJ’s decision, which is not subject to our direct review.[2] See Voci, 409 F.3d at 612-13. None of these arguments provides grounds for disturbing the BIA’s decision.
*422 III. Conclusion
For the foregoing reasons, we will deny the petition for review.

. We have repeatedly held that State Department Reports may constitute substantial evidence. See Yu, 513 F.3d at 349.

. For instance, Yang objects to the IJ's finding that, to the extent he was attempting to stand in his wife’s shoes under Chen v. Att’y Gen., 491 F.3d 100, 108 (3d Cir.2007), Yang made an insufficient showing that his wife would be subject to forced sterilization in China. However, Yang did not raise this argument on appeal to the BIA, the BIA did not address this aspect of the IJ's decision, and, in any event, we have overruled Chen. See Lin-Zheng v. Att’y Gen., 557 F.3d 147 (3d Cir.2009) (rejecting principle that an individual may claim asylum based solely upon a well-founded fear that his spouse would be forcibly sterilized). Yang also argues that the IJ “faulted petitioner not to establish his paternity over his two children." Petitioner's Brief at 13. The question of paternity was an issue for the IJ because Yang's name is not listed on his first child's birth certificate and that child was born before Yang's marriage. See A.R. 43 (IJ Decision at 6). However, the BIA’s decision focused on Yang’s failure to establish a reasonable possibility that he would be sterilized in China for having fathered two children while outside China. See A.R. 03 (BIA Decision at 2). The BIA never discussed the issue of paternity and apparently accepted that both children are Yang's for purposes of its decision.